UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Venco Imtiaz Construction Company<br>Street 15, Lane 2, House 52<br>Wazir Akbar Kahn<br>Kabul, Afghanistan<br><br>      Petitioner,<br><br>v.<br><br>Symbion Power LLC<br>1919 Pennsylvania Avenue, N.W.<br>Suite 775<br>Washington, D.C. 20006<br><br>      Respondent. | Case No. 1:16-CV-1737 |

**PETITION TO CONFIRM AND ENFORCE A FOREIGN ARBITRAL
AWARD AND FOR ENTRY OF JUDGMENT**

Petitioner, Venco Imtiaz Construction Company, ("VICC"), hereby applies to this Court, pursuant to 9 U.S.C. §§ 9, 203, 204, 207, and 208, for an Order confirming and enforcing a final arbitral award issued in VICC's favor and against Respondent Symbion Power, LLC ("Symbion") by the International Court of Arbitration of the International Chamber of Commerce ("ICC") dated July 11, 2016 (the "Final Award").

**PARTIES**

1. VICC is a foreign corporation duly organized and existing under the laws of the nation of Afghanistan, with its principal office in the City of Kabul, Afghanistan, located at Street 15, Lane 2, House 52 Wazir Akbar Kahn, Kabul, Afghanistan.

2. Respondent Symbion Power LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business located

at 1919 Pennsylvania Avenue, N.W., Suite 775, Washington, D.C. 20006.

## JURISDICTION

3.  This Court has subject matter jurisdiction (federal question) over this Petition under Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201 and 203, because this action falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention").[1]

4.  The ICC's Final Award is governed by the New York Convention because: (i) the award arose from a commercial legal relationship between the parties; (ii) there was an agreement in writing to arbitrate any dispute arising from that relationship; (iii) the place of the arbitration agreed to by the parties was the United Kingdom, which is a contracting party to the New York Convention; and (iv) at least one of the parties is not an American citizen. *See* 9 U.S.C. § 202.

5.  Alternatively, this Court also has subject matter jurisdiction (diversity) over this Petition under 28 U.S.C. § 1332 in that VICC is a citizen of a foreign state, Respondent is a citizen of a state in the United States, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6.  This Court has personal jurisdiction over Respondent as its principal place of business is located in Washington, D.C.

7.  This Petition is timely pursuant to 9 U.S.C. § 207 because it is filed within three years of the receipt of the ICC Final Award on July 18, 2016.

## VENUE

8.  Venue, confirmation, and enforcement is proper in this district under 9 U.S.C. §

---

[1] December 29, 1970, 21 U.S.T. 25157, T.I.A.S. No. 6997, 390 U.N.T.S. 38 (1970).

204 and 28 U.S.C. § 1391 because the Respondent's principal place of business is located in this jurisdiction.

## FACTS

### A. The Subcontract

9. On or about August 14, 2008, Respondent Symbion entered into Subcontract Number SYM-PP-PB-C-001 (the "Subcontract") with VICC, under which VICC agreed to perform civil construction work and supply materials for a power plant project Symbion was working on in the vicinity of Kabul, Afghanistan. A copy of the Subcontract is attached hereto as Exhibit 1. The Subcontract, along with other documents relevant to this petition, is authenticated by the Declaration of Ajmal Habib ("Habib Declaration").

### B. The Arbitration Clause

10. The Subcontract, Sub-Clause 20.6, contains a written agreement to arbitrate, which provides in relevant part as follows:

> *Arbitration*
>
> *Unless settled amicably, any dispute is respect of the ["Dispute Adjudication Board" or "DAB"]'s decision (if any) has not become final and finding shall be finally settled by international arbitration. Unless otherwise agreed by both Parties:*
>
> *(a)    **The dispute shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce,***
>
> *(b)    The dispute shall be settled by three arbitrators appointed in accordance with these Rules, and*
>
> *(c)    The arbitration shall be conducted in the language for communications defined in Sub-Clause 1.4 [Law and Language].*

Exhibit 1, p. B70 (Sub-Clause 20.6) (emphasis added).

11. The Subcontract, Sub-Clause 20.8, provides that:

> *If a dispute arises between the Parties in connection with, or arising out of, the Contract or the execution of the Works and there is no DAB in place, whether by reason of the expiry of the DAB's appointment or otherwise:*
>
> *(a) Sub-Clause 20.4 [Obtaining Dispute Adjudication Board's Decision] and Sub-Clause 20.5 [Amicable Settlement] shall not apply, and*
>
> *(b) the dispute may be referred directly to arbitration under Sub-Clause 20.6 [Arbitration].*

Exhibit 1, B71 (Sub-Clause 20.8).[2]

12.     The Arbitration provision is valid, has not been revoked, and is enforceable upon such grounds as exist at law or in equity.

    **C.**     **Respondent Breached the Subcontract and Arbitration Commenced**

13.     A dispute arose between the parties concerning Respondent's failure to pay VICC for civil construction work and materials provided by VICC pursuant to the Subcontract and related Purchase Orders.

14.     On March 15, 2013, VICC filed a Request for Arbitration with the International Chamber of Commerce's International Court of Arbitration ("ICC"), identified as Case No. 19335/AGF/ZF, pursuant to the Subcontract's arbitration provision.

15.     The Arbitration resulted in a Final Award issued by the ICC. A certified copy of the Final Award is attached as Exhibit 2 and is hereby incorporated by reference.

16.     Respondent Symbion did not interpose any objection to the jurisdiction of the ICC to resolve all disputes arising out or related to the Subcontract or that were submitted to the ICC. Ex. 2 (Final Award), ¶¶ 5-7; Ex. 3, ICC Terms of Reference (absence of objection taken).

17.     Under the auspices of the ICC and pursuant to ICC Rules, the parties each nominated an arbitrator, Judge Donald P. Arnavas (Ret.) for VICC and Mr. Stephen R. Bond of

---

[2] No Dispute Adjudication Board (or "DAB") was appointed by the parties.

Covington & Burling LLP for Symbion, both of whom were confirmed by the ICC Court.  The co-arbitrators then jointly nominated the Right Hon. Lord David Hacking as the President of the Tribunal, whose nomination was also confirmed by the ICC Court.  Ex. 2 (Final Award), ¶¶ 8-13.  Judge Donald P. Arnavas (Ret.) withdrew from the Tribunal on April 3, 2015 for health reasons.  VICC nominated Mr. Jesse B. Grove III, Esq. as a replacement and he was in turn confirmed by the ICC Court.  *Id.*

18.     Binding arbitration was conducted and administered by the ICC.  The Tribunal issued twenty-four procedural orders governing the proceedings, conducted a lengthy evidential hearing, and considered extensive pre-hearing and post-hearing submissions by the parties.  The parties' submissions totaled over ten thousand pages, comprising witness statements, memorials, motions, and exhibits.  Ex. 2 (Final Award), ¶¶ 25-26 (listing procedural orders), ¶ 28 (listing the parties' written submissions).

19.     By agreement of the parties, the place of the arbitration was London, England, United Kingdom, from where the Award was made and issued.  Ex. 2 (Final Award), ¶ 7; Ex. 3 at ¶ 47.

20.     The Tribunal convened an evidential hearing between November 2 and November 11, 2015, in Washington, D.C., with the place of the arbitration remaining London, England, at which the parties were represented by counsel and presented their fact witnesses and experts for examination.  Both parties presented experts on damages and on questions of the laws of Afghanistan.  *See* Ex. 2 (Final Award), ¶¶ 29-35.

21.     The ICC extended the time limit for rendering the Final Award on April 28, 2016, May 26, 2016, and again on June 23, 2016, until July 29, 2016.  *See* Ex. 2 (Final Award), ¶ 4; Exhibit 4 (collecting enlargement notices).

22. The Tribunal rendered a one-hundred and forty-two page Final Award evidencing the substantive and procedural adjudication of the matter. The Final Award was by signed by all three arbitrators. Ex. 2 (Final Award), pp. 142.

23. The Tribunal awarded VICC nearly 100% of all amounts claimed by VICC, awarding damages of $8,462,516.78, not including interest that has continued to accrue since the matter was decided and the Award issued. Ex. 2 (Final Award), Sec. XXXIV (pp. 140-141).

24. VICC's counsel contacted Symbion's counsel on two occasions after the Final Award issued to seek Symbion's compliance with the Award. Symbion's counsel deferred both requests. Ex. 5 (e-mails between counsel).

25. On August 8, 2016, without any prior notice to VICC or its counsel, Symbion, via counsel, filed a motion to set-aside the arbitral award in the English courts. Symbion's motion is baseless on its face.

26. Accordingly, VICC files this petition to confirm and enforce the Final Award.

## CLAIMS FOR RELIEF
## (9 U.S.C. § 207)

### First Claim for Relief
(Confirmation of the Award of Monetary Relief)

27. Petitioner VICC realleges and incorporates by reference paragraphs 1 through 26 above.

28. Pursuant to the New York Convention, as implemented in Chapter 2 of the Federal Arbitration Act ("FAA"), codified at 9 U.S.C. § 201 *et seq.*, the Final Award should be confirmed and enforced by this Honorable Court.

29. Under 9 U.S.C. § 204, each contracting state must recognize foreign arbitral awards as binding and enforce them in accordance with local procedural law.

30. The United Kingdom and the United States of America are both contracting states under the New York Convention.

31. Under 9 U.S.C. § 207, the Court "…shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."

32. Article V of the New York Convention sets forth the limited grounds for refusal of recognition or enforcement.

33. None of the grounds set forth in Article V of the New York Convention are present here such that this Court could refuse confirmation and recognition of the Final Award under 9 U.S.C. § 207.[3]

34. In the alternative, should the Court determine that the New York Convention does not apply in this proceeding, Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, provides that if a party to an arbitration files an application for an order confirming an arbitration award, the Court "…must grant such an order unless the award is vacated, modified or corrected as prescribed in…" 9 U.S.C. §§ 9-11.

35. The Award has not been vacated, modified, or corrected, and no grounds for doing so exist here; hence, under 9 U.S.C. § 9, the Award is properly confirmed by this Court.

36. As of the date of this petition, Respondent has not satisfied its obligations under the Award in any part.

37. As a result of Respondent Symbion's failure to satisfy the Award, Petitioner VICC has suffered, and continues to suffer, damages, including attorneys' fees and costs.

38. Pursuant to 9 U.S.C. § 207, VICC is entitled to the entry of an Order confirming

---

[3] As mentioned supra at ¶ 25, Symbion filed a motion for set-aside to the English courts on August 8, 2016. The grounds for set-aside are baseless on their face.

and enforcing the Final Award as a judgment of this Court and awarding VICC such other and further relief as the Court deems just and proper.

## Second Claim for Relief
### (Interest on Amounts Due under the Final Award)

39. Petitioner VICC realleges and incorporates by reference paragraphs 1 through 38 above.

40. The Final Award includes pre-award and post-award interest on the breach of contract damages as specified in Sec. XXXIV.  Ex. 2 (pp. 140-141).

41. The Final Award also includes pre-award and post-award interest on the attorneys' fees and costs incurred by VICC in the ICC arbitration as specified in Sec. XXXIV. Ex. 2 (pp. 140-141).

42. Therefore, the Court should award Petitioner pre-award and post-award interest on all amounts awarded under the Final Award from the respective dates specified in the Final Award until full payment thereof at the rates specified in Sec. XXXIV.  *Id.*

43. As the amount continues to accrue, Petitioner will submit a revised interest calculation at the appropriate time before judgment is entered.

## REQUEST FOR RELIEF

WHEREFORE, Petitioner, VICC, by and through counsel, respectfully requests that this Court enter an Order confirming the Final Award and:

1. awarding VICC the amount of $4,068,659, plus post-award interest at a rate of 4% per annum, compounded monthly from May 1, 2016 until full payment thereof;

2.     awarding VICC past interest in the sum of $1,243,580.73, plus post-award interest at a rate of 4% per annum, compounded monthly from May 1, 2016 until full payment thereof;

3.     awarding VICC its legal costs in the sum of $2,690,277, plus post-award simple interest at a rate of 4% per annum from July 12, 2016 until full payment thereof;

4.     awarding VICC its costs of the ICC arbitration totaling $460,000, plus post-award simple interest at a rate of 4% per annum from July 12, 2016 until full payment thereof;

5.     awarding VICC its attorneys' fees and costs in filing this Petition to confirm as well as any subsequent costs associated with collection; and

6.     awarding Petitioners such other relief as the Court deems just and equitable.

                              Respectfully Submitted,

                              SMITH PACHTER MCWHORTER PLC

                              /s/ Edmund M. Amorosi
                              Edmund M. Amorosi (D.C. Bar No. 482764)
                              *Counsel of Record*
                              Daniel D. Rounds (D.C. Bar No. 498284)*
                              Zachary D. Prince (D.C. Bar No. 1026105)*
                              SMITH PACHTER MCWHORTER PLC
                              8000 Towers Crescent Drive, Suite 900
                              Tysons Corner, Virginia 22182
                              Telephone: 703-847-6300
                              Facsimile: 703-847-6312
                              E-Mail: eamorosi@smithpachter.com
                              E-Mail: drounds@smithpachter.com
                              E-Mail: zprince@smithpachter.com

                              *Counsel for Petitioner*
                              *Venco Imtiaz Construction Company*

Dated: August 26, 2016

*Admission to Court Pending*